## John A. Wroe *vs.* The State of Maryland.

An indictment, charging that the traverser, "on the 1st day of October 1854," obstructed a public highway, "and did, on divers other days between that day and the time of taking this inquisition, continue and allow to remain the said" obstruction, "by reason whereof the citizens of this State, *during the time aforesaid*," could not pass over the road, sufficiently charges the *continuance and existence* of the nuisance at the date of the inquisition, and therefore justifies a judgment to *abate it*.

ERROR to the Circuit Court for Frederick county.

The plaintiff in error was indicted for obstructing a public road, in the words set out in the opinion of this court. The traverser pleaded *non cul.* and submitted his case to the court, (NELSON, J.,) who found him guilty, imposed a fine, and ordered him to abate the nuisance by removing the obstructions specified in the indictment. To correct this judgment, the traverser sued out the present writ of error.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Wm. P. Maulsby* for the plaintiff in error, argued, the indictment does not state the nuisance to be *continuing*, and that where such is the case, a judgment to abate it is not correct. 3 *Arch. Cr. Pl.*, 609, *note.* 8 *Term Rep.*, 142, *Rex vs. Stead.*

*Bradley T. Johnson*, State's Attorney for Frederick county, for the State, argued, that the indictment expressly and fully charges, that the nuisance was *continuing*, and that the judgment was therefore correct.

TUCK, J., delivered the opinion of this court.

This case comes up on a writ of error to the circuit court of Frederick county. The indictment charges the traverser, as follows: "that he, on the first day of October 1854, in a certain road, leading, &c., &c., being a common highway, &c., &c., unlawfully and injuriously did build and erect gates, and unlawfully and injuriously did cause to be built and erected gates and other obstructions, and did, then and there, and on divers other days and times, between that day and the time of taking this inquisition, unlawfully and injuriously continue and allow to remain, the said gates and divers other obstructions, so as aforesaid unlawfully built and erected, and caused to be built and erected, by reason whereof, the citizens of this State, *during the time aforesaid*, could not go, return, ride, pass and repass," &c., &c. The court fined the traverser and ordered him to abate the nuisance.

53    v.8

The objection to the judgment is, that inasmuch as the instrument does not charge that the nuisance was in existence at the date of the inquisition, the court could not order it to be abated. But we think that this is sufficiently charged, for it is expressly stated, that by reason of the gates erected on the 1st of October, and on divers other days and times, between that day and the finding of the inquisition, the citizens of the State, *during the time aforesaid,* (that is, from the 1st October to the time of the indictment,) could not go, return, pass, &c.

The object of all pleadings is notice to the party, and this averment sufficiently indicated the offence charged against the plaintiff in error. In the case of *Rex vs. Stead*, 8 *Term Rep.*, 142, the nuisance was not laid with a *continuando* as here. The objection was not that the court had directed the nuisance to be removed, but the prosecutor complained that the judgment was erroneous in not having so directed, and the court held, that it was not necessary to do this where it was not charged as existing at the time of the inquisition.

*Judgment affirmed.*