GEORGE F. O'BRECHT *vs.* STATE OF MARYLAND.

*Obstructing Highway—Indictment—Description of Termini—*
*Evidence—Public Landing—Prescription.*

The obstruction of a public highway being a common law offense, an indictment therefor is sufficient which follows the common law form.                                    p. 174

The indictment need not allege the manner in which the public road became such, or the manner in which it is claimed to be used as such, nor, if the highway is alleged to run to a public landing, is it necessary to state the character of the alleged landing, or how it became public, or the character or manner of its use, it being sufficient plainly to allege that the termini are public places, and the rest being matter of proof.
                                                p. 175

A road running entirely through private property cannot become a highway by prescription unless its termini are public places.                                    **p. 175**

The refusal to sustain an objection to a question asked a witness was not prejudicial if the question was not answered.

p. 175

On a prosecution for obstructing an alleged public highway running through defendant's property to an alleged public landing thereon, it was error to exclude a question asked of a member of the bar as to whether he ever went over defendant's property with a view of ascertaining any outstanding rights of way or roads, it being well settled that the public cannot acquire by prescription the right to use a landing, and it being therefore important to show that the records contained no evidence of any dedication or condemnation of the landing in question as a public landing.                     pp. 175, 176

Although there was no burden on defendant to offer certain proof, as he was entitled to acquittal on the case made out by the State, yet it being his privilege to offer it, the denial of that privilege was reversible error.                          p. 176

*Decided February 13th, 1924.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

Criminal proceeding against George F. O'Brecht. From a judgment of conviction and sentence, defendant appeals. Reversed.

The cause was argued before BOYD, C. J., URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Isaac Lobe Straus* and *Ridgely P. Melvin,* with whom was *J. Paul Schmidt* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* and *Wendell D. Allen, Assistant Attorney General,* with whom was *James M. Munroe, State's Attorney for Anne Arundel County,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

George F. O'Brecht, the appellant, was convicted of unlawfully obstructing an alleged public highway running through his property, under the following indictment:

"*State of Maryland, Anne Arundel County, to wit—*

"The Jurors of the State of Maryland, for the body of Anne Arundel County, do on their oath present that George F. O'Brecht, late of said county, on the first day of January, nineteen hundred and twenty-two, and thence continually until the day of the finding of this inquisition, at the county aforesaid, in a certain public highway in the Third Election District of said county, which said highway did run from another public highway there situate, known as 'Benfield Road,' to the public landing on Severn River in said county, called Oyster Shell Landing, said road running from said 'Benfield Road' through the lands of the said George F. O'Brecht and being the only road leading to said Oyster Shell Landing from said Benfield Road, unlawfully did place and cause and permit to be placed certain logs, wood, trees and other obstructions during each of said days, whereby the said highway leading from Benfield Road to said Oyster Shell Landing was then and there obstructed and rendered unsafe to be passed over and travelled, to the common nuisance of all the people and against the peace, government and dignity of the State.

"James M. Munroe,

"State's Attorney for Anne Arundel County."

To this indictment a demurrer was filed as follows:

"The defendant, George F. O'Brecht, demurs to the indictment in this case and for cause of said demurrer says:

"(1) That the said indictment is bad in substance and insufficient in law.

"(2) That the said indictment contains no allegation that the alleged obstruction was wilful on the part of the defendant.

"(3) That the termini of said alleged public road are not set out with sufficient particularity.

"(4) That the said indictment contains no allegation as to the manner in which said alleged public road became such, or as to the character or manner in which it is claimed to be so used.

"(5) That the said indictment contains no allegation as to the character of the alleged public landing, or any claim or allegation as to how it became public, or as to the character or manner of its use.

"And for other causes to be assigned.

"Ridgely P. Melvin,
"Defendant's Attorney."

Which demurrer was overruled.

While no bill of exception was necessary to bring up for review a ruling on demurrer, in this case the overruling of the demurrer constitutes the first bill of exception.

The second exception is to the refusal of the court to sustain defendant's objection to the following question: "Up to that time tell us what use was made by the public of that road?"

The third exception was to the refusal to permit Bruner R. Anderson, a member of the bar, to answer the following question: "Did you ever have anything to do with the conveyance of this property to Mr. O'Brecht?"

The fourth was to the refusal to permit the same witness to answer the question: "Did you ever go over this particular property with a view of ascertaining any outstanding rights of way or roads. You made an examination of the title to the Powell and Klotz tracts, didn't you?"

And the fifth was to the refusal to permit the same witness to give testimony in support of defendant's offer to prove that the Powell tract was purchased by the defendant and title examined by the witness; that subsequently the Klotz tract was purchased by the defendant and title examined by the witness, and that the land shown on the plat filed in the Circuit Court for Anne Arundel County includes the land set out in the roadway; and to identify the plat by the witness.

We find no error in the ruling on the demurrer. Obstructing a public highway is a common law offense and the indictment properly followed the practice at common law.

The defects alleged by appellant do not seem to us substantial. See *Bishop's Directions and Forms* (2nd ed.), sec.

1015; *Wroe* v. *State,* 8 Md. 416; *Bishop's New Criminal Procedure* (2nd ed.), vol. 3, sec. 1051.

Counsel for defendant argued very ably and convincingly, with a wealth of authority to support their position, that a public highway imports "a way from one public place to another public place." We think it safe to say, at least, that a road running entirely through private property, as in this case, cannot become a public highway *by prescription* unless its termini are public places. *Sustin's case,* 1 Ventris, 189; 1 *Hawkins, Pleas of the Crown,* ch. 76, sec. 1; *Campbell* v. *Lang,* 1 Macqueen's App. Cas., 451; *Young* v. *Cuthbertson,* 12 Eng. Rul. Cas., at p. 535; *Attorney General* v. *Antrobus* (1905), 2 Ch. 188, 4 Brit. Rul. Cas. 868; *Burke* v. *Davis,* 62 Law Times (N. S.) 36; *Woodyer* v. *Hadden,* 5 Taunt. 126.

But it does not follow that an indictment must contain allegations "as to manner in which said public road became such, or as to the character or manner in which it is claimed to be so used," or "as to the character of the alleged public landing, or any claim or allegation as to how it became public, or as to the character or manner of its use."

The indictment alleges plainly that the termini are public places; the rest is a matter of proof.

There was no prejudicial error in the ruling which was the subject of the second bill of exception, as the question objected to does not appear to have been answered.

The third and fifth do not disclose any prejudicial error. The excluded testimony would appear from the questions to relate merely to the title to the real estate, including the bed of the road; and defendant's title to the whole of it was admitted.

But the fourth presents a more serious difficulty. Ordinarily the erroneous ruling on an interrogatory which is merely preliminary would not be the ground of reversal. Here, however, it is apparent that the learned trial court by its ruling shut off a line of inquiry not only relevant but most important in a case of this character.

The learned Attorney General, in his brief for the State, referring to the excluded testimony, says: "If offered for the purpose of showing that no dedication of the road appeared of record, it was inadmissible, as the State had not sought to establish the public character of the road by proof of dedication but by proof of public use and prescription."

But the road could not become a public highway by prescription unless there was a "public landing" as one of its termini, as charged in the indictment, and this the State utterly failed to prove. Indeed it did not attempt to prove that the landing was a public landing except by evidence of user. It is well settled that the public cannot acquire the right to use a landing by prescription or long continued user. *Thomas* v. *Ford,* 63 Md. 346; 48 *L. R. A.* (N. S.) 470, note.

The fact that in spite of the absolute failure of legal evidence to justify a conviction, appellant *was convicted* by a jury, which was the judge of the law as well as of the facts, emphasizes the importance of the testimony which was excluded.

It is reasonable to suppose that the jury would not have fallen into this error if defendant had been permitted to prove affirmatively that the county records contained no evidence of any dedication or condemnation of the landing in question as a public landing. His counsel could then have argued to the jury with force that mere user was insufficient.

The exclusion of this testimony for all practical purposes excluded the argument.

True, there was no burden on the defendant to offer this proof, as he was entitled to acquittal on the case made out by the State. But it was his privilege to offer it and the denial of that privilege was reversible error.

*Judgment reversed and case remanded for a new trial.*

JUDGE THOMAS and JUDGE PATTISON have examined the case and concur in the above opinion.